UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARICELA RAMIREZ,<br><br>             Plaintiff,<br><br>      v.<br><br>ALEXANDER CHOW, M.D., et. al.,<br><br>             Defendants. | CASE NO. 12-cv-5630 JRC<br><br>ORDER ON PLAINTIFF'S MOTIONS |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* ECF No. 33).

*Pro se* plaintiff, MARICELA RAMIREZ, proceeding *in forma pauperis* ("IFP"), moves for court appointed counsel to assist with her claim (*see* ECF Nos. 40, 41). *See also* 28 U.S.C. § 1915(a)(1). Plaintiff also has moved to stay this action temporarily on the grounds that she needs an attorney to assist before further responding to a summary judgment motion and that she is not receiving medical care for a worsening physical condition (ECF No. 42 at pages 1-2). While these motions were pending, plaintiff filed a response to defendants' motion for summary judgment (*see* ECF Nos. 49, 50, 52) and a motion for an extension of time to obtain expert

physician testimony to support her claims (ECF No. 56). Defendants have responded to each of these motions (ECF Nos. 47, 48, 57).

Plaintiff has submitted no medical evidence in support of her request for a stay or in her response to defendants' motion for summary judgment. While plaintiff alleges that her physical condition was aggravated by the wrongful actions of defendants and is part of the reason she is incapable of representing herself, she has submitted nothing to support these statements, as she is required to do both for the purpose of responding to defendants' motion for summary judgment and to support her requests for a stay and an extension.

Therefore, for these reasons and for the reasons discussed below, the Court DENIES plaintiff's motion for court appointed counsel (ECF No. 40/41) because she has failed to demonstrate "exceptional circumstances." The Court DENIES plaintiff's request for a stay (ECF No. 42) because she has failed to present evidence to support a finding of good cause. Finally, giving plaintiff every opportunity to support her claims, the Court GRANTS IN PART plaintiff's motion for an extension (ECF No. 56). Plaintiff will have until June 7, 2013 to file additional materials in response to defendants' motion for summary judgment. The Clerk is directed to re-note defendant's motion for summary judgment to June 14, 2013.

## DISCUSSION

Plaintiff claims in her Third Amended Complaint for damages that defendants Drs. Van Hyun, M.D. and Chow, M.D. "deliberately misdiagnosed and deliberately denied adequate medical care" to plaintiff resulting in permanent kidney failure, failure of other internal organs, and cancer (ECF No. 30, p. 3). She claims that she was deliberately discriminated against by defendants because of her race and disability, and was deliberately denied adequate medical care. She also alleges that the defendants participated in a "cover up," failed to provide adequate

1  medical care, and deliberately lied to plaintiff regarding her medical condition (*id.* at pp. 3-6).
2  As a result of these acts and omissions, plaintiff claims defendants negligently caused damage to
3  her and that this damage was the result of deliberate discrimination against her "because of her
4  Mexican-American race and disability," resulting in permanent damage to her internal organs
5  (*id*. at 6).

6  Plaintiff indicates in her motion that during the past nine months, she contacted "about
7  five attorneys" to represent her in the matter herein, but was unable to retain an attorney (*see*
8  ECF No. 41, p. 1).

9  A review of plaintiff's pleading makes it clear that plaintiff is capable of articulating her
10 claims and alleged damages, but she provides little or no specific factual allegations to support
11 her claims.  For instance, in her Third Amended Complaint, she repeatedly states that
12 defendants' wrongful actions occurred on "July 21, 2009, September 3, 2009, September 9,
13 2009, October 3, 2009, and October 29, 2009" (*see, e.g.* ECF No. 30, pp. 3-5, pp. 7-9, p. 11, and
14 p. 12).  Plaintiff sets forth specific facts that she claims occurred on those days and then
15 generally concludes that the defendants were "negligent" and discriminated against her because
16 of her Mexican-American heritage and disability (*id.*).  Despite her ability to articulate these
17 claims, a careful review reveals that there is no logical nexis between the facts that she asserts
18 and the allegations that she is making.

19 While a *pro se* plaintiff's pleadings should be liberally construed, it is incumbent on
20 plaintiff to demonstrate "exceptional circumstances" in order to obtain court-appointed counsel.
21 Pursuant to section 1915(e)(1), the Court "may request an attorney to represent any person
22 unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, there is no right to counsel in civil
23 cases, and in this Circuit, district courts may appoint counsel for litigants proceeding IFP only
24

1 following a finding of "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th

2 Cir. 1991) (citation omitted); *see* 28 U.S.C. § 1915(e)(1); *but see Kerr v. Christian Care Health*

3 *Sys.*, 2010 U.S. Dist. LEXIS 27734 at *2-*3 (E.D. Pa. 2010). As indicated by the Ninth Circuit:

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the [plaintiff] to articulate h[er] claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell, supra,* 935 F.2d at 1017 (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)) (other citations omitted).

When evaluating if a plaintiff has demonstrated "exceptional circumstances" sufficient to support the appointment of counsel, the Court sometimes is faced with a dilemma in trying to discern if a plaintiff is sufficiently capable of articulating her claim so as to support a finding that her claim may have merit and yet incapable of dealing with the complexity of representing herself in a federal action. The Court can conceive of instances in which a plaintiff may have a meritorious claim, yet also is incapable of articulating that claim. Those instances make it extremely difficult for the Court to determine if counsel should be appointed.

This case, however, does not present such a difficult question. Although plaintiff's claims are not articulated very well, they are sufficiently articulated for the Court to evaluate plaintiff's likelihood of success on the merits. The Court can discern no relationship between the particular acts alleged in the complaint; plaintiff's claims of discrimination and negligence; and plaintiff's alleged damages. The Court concludes that plaintiff's likelihood of success on the merits is poor. While she is capable of articulating her claims, her claims appear to be without merit.

Furthermore, defendants have provided copies of other cases and complaints filed by plaintiff in other jurisdictions and forums where plaintiff has filed similar complaints against

1 other healthcare providers claiming almost identical damages (*see, e.g.,* ECF No. 47, pp. 3-4,
2 ECF No. 48, Attachment 1, internal Exhibits. 2, 3, 4).  In each case, plaintiff complains that
3 physicians deliberately failed to provide her adequate care and in each case her complaints were
4 dismissed or denied (*id.*).  These records reveal that plaintiff has a history of filing claims that
5 are not supported by any evidence and filing claims where there is no relationship between the
6 allegations of misconduct and the alleged facts – claims that consist of unsupported allegations
7 of a conspiracy to cause plaintiff harm.  The same appears to apply here.  Without at least some
8 logical nexus between the events and the alleged wrongfulness of defendants' actions, plaintiff
9 has failed to show that her claims have any likelihood of success.  Plaintiff's motion for
10 appointment of counsel is DENIED.

11 Regarding the request for stay, Local Rule 7(j) provides a party potential relief from a
12 filing deadline. *See* Local Rules W.D. Wash. Rule 7(j). Plaintiff has provided no admissible
13 evidence that a stay is appropriate due to any unforeseen emergency or any other reason (*see*
14 ECF No. 42).  Therefore, plaintiff's request for a stay is DENIED.

15 Plaintiff has been given ample opportunity to defend against defendants' motion for
16 summary judgment and, indeed, has filed a response – such as it is (*see* ECF Nos. 49, 50, 52).
17 Based on the current submissions, plaintiff is not likely to prevail because of her failure to
18 provide admissible evidence to support her claim.  Nevertheless, the Court wishes to provide
19 plaintiff every opportunity to respond to defendant's motion for summary judgment.  The
20 summary judgment motion is currently on the motion calendar for May 24, 2013.  The Court will
21 re-note the motion for June 14, 2013.  Any additional response or evidence plaintiff wishes to
22 submit will be due on June 7, 2013.   Any reply by defendants must be submitted no later than
23 June 14, 2013.
24

| | |
|---|---|
| 1 | In light of the Court's ruling, plaintiff's second *ex parte* motion for enlargement of time to obtain expert physician testimony also is GRANTED IN PART and this Court has re-noted defendants' motion for summary judgment to June 14, 2013, giving plaintiff additional time to file any additional response and to obtain expert physician testimony to support her claim, if she so chooses. |

## CONCLUSION

For the reasons stated, the Court DENIES plaintiff's motion for court-appointed counsel (ECF Nos. 40, 41), DENIES plaintiff's motion for stay (ECF No. 42), and GRANTS IN PART plaintiff's motion for enlargement of time (ECF No. 56), consistent with this Court's ruling above.

The Court directs plaintiff to the Court's website, which includes information for *pro se* litigants, such as the *Pro Se* Guide, which includes resources for potentially finding legal advice: http://www.wawd.uscourts.gov/pro-se (last visited April 26, 2013); *see also "Where Can You Get Legal Advice?",* located at *Pro Se* Guide, p. 38, http://www.wawd.uscourts.gov/sites/wawd/files/ProSeManual1-15-2013revised.pdf.

Dated this 23rd day of May, 2013.

J. Richard Creatura
United States Magistrate Judge