1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

10  MARICELA RAMIREZ,

11          Plaintiff,

12      v.

13  ALEXANDER CHOW, M.D., VAN HYUN,
    M.D., MARK HUBBARD, M.D.,
14  CLAUDIA FOSTER-OLSON, M.D.,
    VANCOUVER CLINIC, DOES 1 TO 100,
15
            Defendants.
16

CASE NO. 12-cv-05630 JRC

ORDER DENYING PLAINTIFF'S
EX PARTE MOTIONS AND
GRANTING DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT

17
18          THIS MATTER comes before the Court on plaintiff's Motion for Relief from Order

19  (ECF No. 61), plaintiff's Motion to Stay (ECF No. 62) and defendants' Motion for Summary

20  Judgment (ECF No. 43). For plaintiff's motions, the Court has reviewed the motions and

    praecipe (ECF Nos. 61, 62, 63) and defendants' response (ECF 64).  For defendants' motion for
21
    summary judgment, the Court has reviewed defendants' motion and declarations in support of
22
    their motion for summary judgment (ECF Nos. 43, 44, 45, 46), plaintiff's responses to
23
24

1  defendants' motion for summary judgment (ECF Nos. 49, 50, 52, 54, 55), defendants' reply to

2  plaintiff's responses (ECF No. 53). This matter is now ripe for decision.

3        Plaintiff has been given every opportunity to provide evidence to the Court to support her

4  claim of discrimination and negligence, but has failed to do so.  Defendants are also entitled to

5  have a ruling from the Court on their motion for summary judgment.  Therefore, plaintiff's latest

6  motions (ECF Nos. 61, 62) are DENIED and defendants' motion for summary judgment (ECF

7  No. 43) is GRANTED.

8                                    DISCUSSION

9        In her Third Amended Complaint, plaintiff claims that defendants Drs. Van Hyun, M.D. and

10  Chow, M.D. "deliberately misdiagnosed and deliberately denied adequate medical care" to plaintiff

11  resulting in permanent kidney failure, failure of other internal organs, and cancer (ECF No. 30, p. 3).

12  She claims that she was deliberately discriminated against by all of the defendants because of her

13  race and disability, and was deliberately denied adequate medical care. She also alleges that

14  defendants participated in "cover up," failed to provide adequate medical care, and deliberately lied

15  to plaintiff regarding her medical condition (*id.* at pp. 3-6). As a result of these acts and omissions,

16  plaintiff claims defendants negligently caused damage to her and that this damage was the result of

17  deliberate discrimination against her "because of her Mexican-American race and disability,"

18  resulting in permanent damage to her internal organs (*id.* at 6).

19        When defendants initially filed their motion for summary judgment, they submitted

20  letters that were sent to plaintiff advising her that they intended to move for summary judgment

21  and what she needed to do to respond to that motion (ECF No. 43, pp. 3-4).  Among other things,

22  in a letter dated April 29, 2013, Ms. Ramirez was informed as follows:

23             Since we have not heard from you, we will proceed with filing a
               Motion for Summary Judgment to have your case dismissed.  A motion for
24             summary judgment under Rule 56 of the Federal Rules of Civil Procedure

ORDER DENYING PLAINTIFF'S EX PARTE
MOTIONS AND GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 2

1   will, if granted, end your case.  Rule 56 tells you what you must do in order
    to oppose a motion for summary judgment.  Generally, summary judgment
2   must be granted when there is no genuine issue of material fact-that is, if
    there is no real dispute about any fact that would affect the result of your
3   case, the party who asked for summary judgment is entitled to judgment as a
    matter of law, which will end your case.  When a party you are suing makes
4   a motion for summary judgment that is properly supported by declarations
    (or other sworn testimony), you cannot simply rely on what your complaint
5   says.  Instead, you must set out specific facts in declarations, depositions,
    answers to interrogatories, or authenticated documents, as provided in Rule
6   56(e), that contradict the facts shown in the defendants' declarations and
    documents and show that there is a genuine issue of material fact for trial.  If
7   you do not submit your own evidence in opposition, summary judgment, if
    appropriate, may be entered against you.  If summary judgment is granted,
8   your case will be dismissed and there will be no trial.

9   (ECF No. 44, Ex. 3).

10      In a recent case cited by the Ninth Circuit, *Woods v. Carey*, 684 F.3d 934, 939-40 (9th

11   Cir. 2012), the court concluded that a pro se plaintiff who was incarcerated should be provided

12   notice at the time of the summary judgment motion of the steps that should be taken to properly

13   respond to such a motion (*id.*).  *Woods* involved an unrepresented prisoner, who may be at a

14   more significant disadvantage than someone like plaintiff, who is not incarcerated.  While

15   plaintiff is unrepresented, she is capable of accessing information and other resources that are not

16   available to a person behind bars. As the court noted, "there are 'unique handicaps of

17   incarceration,' including prisoners' limited access to legal materials, constraints on their abilities

18   to obtain evidence, and difficulties monitoring the progress of their cases . . ." *id.,* at 938, which

19   do not apply to someone like plaintiff, who is not incarcerated.  Nevertheless, it appears that

20   defendants made every effort to provide plaintiff with a notice similar to the one required under

21   *Woods*, so that plaintiff was fully advised of what she needed to do to respond to the summary

22   judgment motion.

23      Plaintiff did not provide such evidence, and instead made her first of several requests for

24   extensions and stays (ECF No. 42).  This Court granted one of plaintiff's requests and gave her

ORDER DENYING PLAINTIFF'S EX PARTE
MOTIONS AND GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 3

1   until June 7, 2013 to file additional materials (ECF No. 58, p. 5).  Instead of complying with that

2   Order, plaintiff asked for another continuance (ECF No. 59), which this Court denied (ECF No.

3   60).  Now, before the Court are two more motions for relief and continuance (ECF Nos. 61, 62).

4   Those motions, as well, are meritless and not in compliance with the rules.

5        Summary judgment is appropriate if "the pleadings, the discovery and disclosure

6   materials on file, and any affidavits, show that there is no genuine issue as to any material fact

7   and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). There is a

8   genuine issue of fact for trial if the record, taken as a whole, could lead a rational trier of fact to

9   find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see*

10  *also T. W. Elec. Service Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.

11  1987). The moving party is entitled to judgment as a matter of law if the nonmoving party fails

12  to make a sufficient showing on an essential element of a claim on which the nonmoving party

13  has the burden of proof.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1985); *Anderson*, 477

14  U.S. at 254 ("the judge must view the evidence presented through the prism of the substantive

15  evidentiary burden"). When presented with a motion for summary judgment, the court shall

16  review the pleadings and evidence in the light most favorable to the nonmoving party. *Anderson*,

17  477 U.S. at 255 (*citing Adickes v. S.H. Dress & Co.*, 398 U.S. 144, 158-59 (1970)). Conclusory,

18  nonspecific statements in affidavits are not sufficient; and, the court will not presume "missing

19  facts". *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

20       In this case, plaintiff has failed to make a sufficient showing on essential elements of her

21  claims on which she has the burden of proof.  Among other things, plaintiff has failed to submit

22  competent medical evidence regarding her physical condition or that this condition was caused

23  as a result of defendants' alleged negligence and/or discrimination.  While plaintiff has repeated

24

ORDER DENYING PLAINTIFF'S EX PARTE
MOTIONS AND GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 4

1    a number of allegations of negligence and discrimination, these allegations are conclusory and

2    nonspecific and are not sufficient to defeat a motion for summary judgment.

3         While the court liberally construes plaintiff's pleadings, it is still incumbent on plaintiff

4    to comply with court rules and to submit sufficient evidence to defeat a motion for summary

5    judgment.  Plaintiff has failed to do so here.

6         Therefore, plaintiff's Motion for Relief from Order (ECF No. 61) and Motion for Stay

7    (ECF No. 62) are DENIED and defendants' Motion for Summary Judgment (ECF No. 43) is

8    GRANTED and plaintiff's claims against defendants are dismissed with prejudice.

9         Dated this 12th day of July, 2013.

10

11   J. Richard Creatura
     United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING PLAINTIFF'S EX PARTE
MOTIONS AND GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 5